```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

                                  :
QUAN LEWAYNE DAVIS
                                  :

    v.                            :  Civil Action No. DKC 2004-2677

                                  :
PRINCE GEORGE'S COUNTY,
MARYLAND, et al.                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case are (1) the motion to strike, pursuant to Fed.R.Civ.P. 8(a), filed by Defendants University of Maryland, College Park Police Department; the Prince George's County State's Attorney's Office; Glenn F. Ivey; Frances Longwell; and Kenneth Krouse (collectively "the State Defendants") (paper no. 11); and (2) The motions to dismiss, pursuant to Fed.R.Civ.P. 12(b)(c), filed by Defendants Prince George's County Police Department and Prince George's County, Maryland (paper 4), the State Defendants (paper 10), and Ismael V. Canales (paper 20). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will grant the motion to strike without prejudice to the filing of an amended complaint and grant in part and deny in part the motions to dismiss, and

Plaintiff will have 15 days to amend his complaint consistent with this Opinion.

On August 12, 2004, Plaintiff Quan Lewayne Davis filed, through counsel, a fifty five page, two-hundred-twelve paragraph, twenty-four count complaint, purporting to allege various state tort claims and violations of federal civil and constitutional rights against nine named defendants[1] and several "John" and "Jane" "Does". *See* paper no. 1. With the exception of the Doe defendants, all defendants have been served and three separate groups have filed motions to dismiss. In addition, some plaintiffs filed a motion to strike the complaint because it fails to comply with the requirement that it be short and plain. While the court will grant the motion to strike without prejudice to amendment, several of the arguments in the motions to dismiss are so clearly meritorious that some aspects of the complaint will be dismissed with prejudice.

## I. Background

---

[1] Those defendants are Prince George's County, Maryland; Prince George's County Police Department ("PGCPD"); Ismael V. Canales, a detective for the PGCPD; the Prince George's County State's Attorney's Office; Glenn Ivey, State's Attorney for the county; Frances Longwell, Assistant State's Attorney for the county; the University of Maryland, College Park ("UMCP"); the University Police/Department of Public Safety of UMCP; and Kenneth Krouse, UMCP Chief of Police. Prince George's County and UMCP, while named and served, are not the subject of any of the 24 counts in Plaintiff's complaint. *See* paper no. 1 ("Complaint"), at 2 & ¶ 140-212 and *infra* at 3-4.

This case apparently arises from events in the early morning hours of November 10, 2002, at an off campus University of Maryland homecoming party. According to Plaintiff, he was arrested by "defendants" and found guilty by a jury in the Circuit Court for Prince George's County for inciting a riot and carrying a weapon openly with an intent to injure, but not guilty of murder and assault charges. He was sentenced to ten years in prison for riot, and to a consecutive three years for the weapon charge. The Court of Special Appeals affirmed the convictions.

Plaintiff appears to allege, *inter alia,* that the police investigation was inadequate, reports were incompetently and negligently prepared, officers provided false testimony at his trial, the actions of defendants were racially motivated, some of the defendants conspired to frame him for murder, and other information was concealed. The counts are captioned as follows:

- I. Violation of civil rights, 42 U.S.C. § 1983 against University of Maryland - College Park Police.
- II. Prince George's County Police - §1983.
- III. Prince George's County State's Attorney - § 1983.
- IV. False arrest - University of Maryland Police.

3

V.       False arrest - Prince George's County Police.

VI.      False imprisonment - University of Maryland Police.

VII.     False imprisonment - Prince George's County Police.

VIII.    Malicious prosecution - University of Maryland Police.

IX.      Malicious prosecution - Prince George's County Police.

X.       Malicious prosecution - Prince George's County State's Attorney.

XI.      Abuse of Process - University of Maryland Police.

XII.     Abuse of Process - Prince George's County Police.

XIII.    Abuse of Process - Prince George's County State's Attorney.

XIV.     Civil conspiracy - Ismael V. Canales.

XV.      Violation of Maryland Declaration of Rights - University of Maryland Police.

XVI.     Violation of Maryland Declaration of Rights - Prince George's County Police.

XVII.    Violation of Maryland Declaration of Rights - Prince George's County State's Attorney.

XVIII.   Defamation - University of Maryland Police.

XIX.     Defamation - Prince George's County Police.

XX.      Defamation - Prince George's County State's Attorney.

XXI.     Defamation - Ismael V. Canales.

XXII.    Defamation - Frances Longwell.

XXIII.   Intentional Infliction of Emotional Distress - Ismael V. Canales.

XXIV.    Intentional Infliction of Emotional Distress - Frances Longwell.

**II. Motions to Dismiss**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, a 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim

5

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### A.   Status of Prince George's County Police Department

Plaintiff has named both Prince George's County, Maryland and Prince George's County Police Department as defendants. As pointed out by the County Attorney, the only proper corporate defendant is Prince George's County. The County police department is not a separate entity subject to suit. "There is

no legal entity in existence designated as 'Prince George's County Police Department.' 'Prince George's County, Maryland' is the only legal entity designated by the County Charter, Section 103, and authorized by Maryland Annotated Code, Art. 25A." *Stewart v. Prince George's County, Maryland,* No. 01-cv-00302-AW, 2001 U.S. Dist. LEXIS 14586 at *9, 2001 WL 759890 at *3 (D.Md. May 23, 2001).

Plaintiff's responses are woefully inadequate. Plaintiff merely asserts conclusorily that Prince George's County Police Department is a corporation that can be sued. He is simply wrong. The claims against Prince George's County Police Department will be dismissed with prejudice. In any amended complaint, Plaintiff should refer to Prince George's County, Maryland only, but must make clear what person or persons, acting on behalf of the county, he alleges violated his rights.

**B.   Status of University of Maryland Police Department and Prince George's County State's Attorney Office**

Plaintiff fails to substantiate his bald assertion that the University of Maryland Police Department[2] and the Prince George's

---

[2] The university police department, like that of Prince George's County, is not a separate entity subject to suit. In Maryland, "[t]he government of the University System of Maryland is vested in the Board of Regents of the University System of Maryland," Md. Code Ann., Educ. § 12-102(b) (2004), and the Board of Regents in turn governs the university's police force,
(continued...)

7

County State's Attorney are "persons" subject to suit under § 1983. He has named the University of Maryland, College Park, which counsel acknowledge is a constituent of the University System of Maryland, and the office of the State's Attorney, which is a state agency, *see Valle v. Pressman,* 185 A.2d 368, 374 (Md. 1962) (noting that "a State's Attorney is a State rather than a local officer"); *Rucker v. Harford County,* 558 A.2d 399*,* 402-03 (Md. 1989) (citing *Valle*). Nevertheless, under 42 U.S.C. § 1983, only "persons" are subject to suit, a term that simply does not include state agencies. As recently noted by the Fourth Circuit:

> A cause of action under Section 1983 requires the deprivation of a civil right by a "person" acting under color of state law. 42 U.S.C.A. § 1983. It is now well settled that a state cannot be sued under Section 1983 (West 2003). *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70.

---

²(...continued)
*see id.* at § 13-601(d) ("The Board of Regents shall adopt rules and regulations governing the operation and conduct of the University of Maryland Police Force and of University of Maryland police officers."). *See also Brownscombe v. Dep't. of Campus Parking,* 203 F.Supp.2d 479, 482 (D.Md. 2002) (finding that "the Board of Regents and University of Maryland are the same legal entity, not two separate persons").

8

*S.C. Troopers Fed'n Local 13 IUPA AFL-CIO v. South Carolina*, 112 Fed.Appx. 883, 885, 2004 WL 1827745, 2004 U.S. App. LEXIS 17064 (4th Cir. Aug. 17, 2004).  In recrafting an amended complaint, Plaintiff will be well advised to heed that law.  All § 1983 claims against the University of Maryland Police Department and the office of the Prince George's County State's Attorney will be dismissed with prejudice.[3]

### C. Statute of Limitations

The last events even remotely referenced in the complaint concerning any statements by police or prosecutors were the trial on June 27, 2003 and sentencing on July 25, 2003.  This complaint was not filed until August 12, 2004.

Although the statute of limitations constitutes an affirmative defense, the limitations defense may be raised in a Rule 12(b)(6) motion when the face of the complaint reveals that the cause of action has not been brought within the applicable limitations period. *See Brooks v. City of Winston-Salem,* 85 F.3d 178, 181 (4th Cir. 1996); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 714 (3rd ed. 2004). In reviewing the complaint, the court accepts all well-pled allegations of the complaint as true and construes the

---

[3] Plaintiff's state law claims against these two defendants will also be dismissed with prejudice.  *See infra* at II.E.

9

facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).

The statute of limitations for a defamation action is one year. Md. Code Ann., Cts & Jud. Proc. § 5-105 (2004). This action was not filed within the one year period, so all defamation claims will be dismissed with prejudice.

**D.   Issue Preclusion**

The Supreme Court has made clear that no claim may be made for damages arising from arrest and prosecution for a criminal offense resulting in conviction. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held that a convicted criminal defendant cannot bring a § 1983 action that would "necessarily imply the invalidity of his conviction or sentence" unless he proves that his "conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 486-87. As the Fourth Circuit explained in *Harvey v. Horan,* 278 F.3d 370 (4th Cir. 2002):

> In *Heck,* the Supreme Court concluded that bringing a § 1983 action for damages arising from a still valid state conviction would be jumping the gun. In reaching its conclusion, the Court analogized a § 1983 claim that challenges the legality of a state conviction to the common law cause of action for malicious prosecution. The Court stated that "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck,* 512 U.S. at 484. The Court emphasized that civil tort

10

actions are simply "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. Allowing them to be used for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits. *Id.* at 484-86. The Court noted in conclusion:

> We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

*Id.* at 374-75. Here, Plaintiff contends, *inter alia*, that various § 1983 violations "contributed to [his] wrongful conviction . . . ." Complaint at ¶ 49, 58; *see also id.* at ¶ 51 ("eliminated the name of a key witness to the crime in her written statement who could have exculpated Plaintiff"). These allegations are clearly barred by *Heck,* and any claims based on them are dismissed with prejudice. Several other § 1983 allegations in Plaintiff's complaint are ambiguous as to whether they refer to his convictions or to the charges for which he was eventually found not guilty. If Plaintiff files an amended complaint, it should be clear as to this issue.

**E.   Tort Claim Notice**

Plaintiff references a "Notice of Intent to Bring Legal Action" on September 16, 2003. The letter, addressed to several

11

public officials, does not state the date or place of the alleged incident, and only vaguely refers to "violations of the civil rights, due process rights, and other constitutionally-protected rights of Quan L. Davis in <u>State v. Quan LeWayne Davis</u>, Criminal Case No. CT030140XC, Circuit Court for Prince George's County." Paper no. 26, ex. 1 (underline in original).

The state defendants point out that notice of claims against the state must be addressed to the State Treasurer's office, and challenges Plaintiff's unsupported assertion that it was "filed with and served on the proper officers, agents, and employees of all the Defendants pursuant to the claims statutes governing these cases." Plaintiff's failure to show that he has properly notified the State Treasurer is fatal to his tort claims against the state and its agencies:

> We have described the notice provisions of the [Maryland Tort Claims Act, Md. Code Ann., State Gov't § 12-101 *et seq*] as a "principal condition" of the State's waiver of its sovereign immunity. *See Gardner v. State,* 77 Md.App. 237, 246, 549 A.2d 1171 (1988). To initiate an action under the MTCA, the claimant must "submit[] a written claim to the Treasurer or a designee of the Treasurer within 1 year after the injury to person or property that is the basis of the claim." SG § 12-106(b). "[S]ervice of the complaint and accompanying documents is sufficient only if made on the Treasurer." SG § 12-108(a). The notice requirement, in effect, creates an administrative condition precedent that claimants must satisfy before they may sue in court. *See Simpson v. Moore,* 323 Md. 215, 223, 225, 592 A.2d 1090 (1991). For this reason, courts have no jurisdiction to entertain claims by

12

>claimants who fail to exhaust their administrative remedies before the Treasurer.  *See id.*

*Chinwuba v. Larsen,* 790 A.2d 83, 98 (Md.Ct.Spec.App. 2002), *rev'd in part on other grounds sub nom. Larsen v. Chinwuba,* 832 A.2d 193 (Md. 2003).

Because Plaintiff's letter was not submitted to the state Treasurer or a designee, Plaintiff's claims against the state of Maryland and its agencies[4] will be dismissed with prejudice.

**F.   Eleventh Amendment Immunity**

The UMCP Police Department, Prince George's County State's Attorney's Office, Ivey, Longwell, and Krouse all move to dismiss the claims against them on the grounds that they are immune from Plaintiff's suit under the Eleventh Amendment, as they are agencies of the state (the UMCP Police Department and the State's Attorney's Office) or officers of the state (Ivey, Longwell and Krouse).  Defendants also argue that Plaintiff's state tort claims are barred by the Eleventh Amendment.

Claims against the UMCP Police Department and the State's Attorney's Office, already dismissed with prejudice because they are not "persons" under § 1983, *see supra* at II.B, are also

---

[4] The court notes that the state's employees are not protected from suit on this basis. *See Hovatter v. Widdowson,* No. CCB-03-2904, 2004 U.S. Dist. LEXIS 18646 at *26 n.14, 2004 WL 2075467 at *7 n.14 (D.Md. Sept. 15, 2004) (citing cases).

13

barred because state agencies are immune from suits for damages under the Eleventh Amendment (unless that immunity is waived, *see infra*).

The Eleventh Amendment also provides immunity for Ivey, Longwell, and Krouse as officers of the state, but only in their official capacities, not in their individual capacities. *See Hafer v. Melo,* 502 U.S. 21 (1991). Plaintiff states in his complaint that Defendants Ivey, Longwell and Krouse are "sued individually and in [their] official capacit[ies] . . . ." Paper no. 1, at 7. Accordingly, claims against Ivey, Longwell, and Krouse in their official capacities as officers of the state will be dismissed with prejudice, but claims against those Defendants in their individual capacities are not.

In his response, Plaintiff seems to argue that the State has impliedly waived its Eleventh Amendment immunity, but cites no authority for that argument. To the contrary, the Supreme Court has repeatedly held that Eleventh Amendment immunity cannot be constructively waived. In *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666 (1999), the Court overruled and expressly rejected as "an elliptical opinion that stands at the nadir of our waiver (and, for that matter, sovereign immunity) jurisprudence" the constructive waiver doctrine advanced in *Parden v. Terminal Ry. Co. of Ala. Docks*

14

*Dep't.,* 377 U.S. 184 (1964), and adopted the dictum from *Edelman v. Jordan,* 415 U.S. 651 (1974) that "there is 'no place' for the doctrine of constructive waiver in our sovereign-immunity jurisprudence, and we emphasized that we would 'find waiver only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *College Sav. Bank,* 527 U.S. at 678 (quoting *Edelman,* 415 U.S. at 673). Thus, neither Maryland nor any state agency or officer has waived sovereign immunity here.

## G.  Prosecutorial Immunity

Plaintiff alleges that the State's Attorney and/or Assistant State's Attorney, *inter alia*, falsified a search warrant application; submitted, encouraged, and conspired to submit and encourage false testimony and evidence to frame Plaintiff for murder; concealed and conspired to conceal evidence; and "with racist malicious intent," failed to recommend bail for Plaintiff, charged Plaintiff with riot and murder, and requested a sentence of thirty years for Plaintiff's riot conviction.

Under both federal and Maryland law, prosecutors have absolute immunity for acts undertaken in their prosecutorial role.

15

In *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor enjoys absolute immunity from suit for conduct "in initiating and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 994. The Court explained:

> A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate.

*Id.* at 424-25, 96 S.Ct. at 991-92. This court has repeatedly reaffirmed that a prosecutor is entitled to absolute immunity for claims that rest on her decisions regarding "whether and when to prosecute." *Lyles v. Sparks,* 79 F.3d 372, 377 (4th Cir. 1996) (quoting *Imbler,* 424 U.S. at 431 n.33, 96 S.Ct. at 996 n.33); *see also Ehrlich v. Giuliani,* 910 F.2d 1220 (4th Cir. 1990).

*Springmen v. Williams,* 122 F.3d 211, 213 (4th Cir. 1997).

> We conclude, therefore, as a matter of Maryland common law, that prosecutors enjoy absolute immunity with respect to claims arising from their role in the judicial process--evaluating whether to commence a prosecution by criminal information, presenting evidence to a grand jury in the quest for an indictment, filing charges, and preparing and presenting the State's case in court.

*Gill v. Ripley,* 724 A.2d 88, 96 (Md. 1999).

16

In *Gill*, the Maryland Court of Appeals noted that this absolute immunity does not extend to all acts undertaken by a prosecutor in connection with a case; for instance, "'when a prosecutor performs the investigative functions normally performed by a detective or police officer,' the lesser immunity available to those officials would also apply to the prosecutor." *Id.* at 96 (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993)). Here, however, all of the alleged acts of Ivey and Longwell categorically "aris[e] from their role in the judicial process." A prosecutor's role in securing a search warrant is "unquestionably a judicial act" and is therefore protected by absolute immunity, *Burns v. Reed,* 500 U.S. 478, 492 (1991), and all of the other wrongful acts allegedly perpetrated by Ivey and Longwell were in preparation and presentation of the prosecution's case, thus falling squarely within the terms of absolute immunity enumerated in *Gill*. Accordingly, all claims against Glenn Ivey and Frances Longwell will be dismissed with prejudice.

**H.  Remaining Arguments**

Defendants also raise legitimate issues concerning other types of immunity and the adequacy of pleading causes of action for conspiracy and intentional infliction of emotional distress.

17

The court will deny those remaining aspects of the motions without prejudice and will permit Plaintiff an opportunity to amend his complaint as set out below.

**IV. Motion to Strike Complaint**

The function of pleadings under the Federal Rules of Civil Procedure is to provide fair notice to defendants of the claims being asserted against them. A complaint that is prolix and/or confusing makes it difficult for a defendant to file a responsive pleading and makes it difficult for the court to conduct orderly litigation. Fed.R.Civ.P. 8(a) requires a complaint to contain (1) a short and plain statement of the grounds upon which the court has jurisdiction, (2) a short and plain statement of the claim showing that plaintiff is entitled to relief, (3) and demand for judgment for the relief plaintiff seeks. The complaint filed by plaintiff is none of the above. Many of the paragraphs include legally conclusory and argumentative allegations combined with vague factual assertions, making a comprehensible answer impossible. Thus, in addition to dismissing the claims as outlined above, Plaintiff will be required to submit an amended complaint, setting forth in plain and simple format the claims he brings against each defendant, and identifying the portion(s) of his factual

narrative upon which each claim relies.  A separate Order will follow.

>                   /s/
>     DEBORAH K. CHASANOW
>     United States District Judge
>
>     July 8, 2005