IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

                                     :
QUAN LEWAYNE DAVIS
                                     :

     v.                              : Civil Action No. DKC 2004-2677

                                     :

PRINCE GEORGE'S COUNTY,
MARYLAND, et al.                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiff's

motion to reopen.  The issues are fully briefed, and the court

now rules pursuant to Local Rule 105.6, no hearing being deemed

necessary.   For  the  following  reasons,  the  motion  will  be

denied.

On July 8, 2005, this court dismissed Plaintiff's complaint

in its entirety, dismissing some claims with prejudice, but

providing Plaintiff 15 days within which to file an amended

complaint as to other claims which were stricken.  (Paper 30).

The memorandum opinion and order were served on counsel via the

court's electronic filing system.  Counsel for Plaintiff was

served  at:   [charlesjeromeware@msn.com.](charlesjeromeware@msn.com.)   The  docket  entry

accompanying the filing reads as follows:

> ORDER "GRANTING" [11] Motion of Defendants
> to Strike the Complaint of the Plaintiff
> without prejudice to the filing of an
> Amended Complaint within 15 days of the
> issuance of this order; "GRANTING" with
> prejudice in part and "DENYING" without

prejudice in part [4] Motion of Defendants
Prince George's County Police Department and
Prince George's County, Maryland to Dismiss,
[10] Motion of Defendants Glenn F. Ivey,
Kenneth Krouse, Frances Longwell, University
of Maryland Police/Department of Public
Safety, and University of Maryland College
Park to Dismiss, and [20] Motion of
Defendant Ismael V. Canales to Dismiss -
"GRANTING" with prejudice as to all claims
against the Prince George's County Police
Department, the University of Maryland
Police/Department of Public Safety, the
Prince George's County State's Attorney,
Glenn F. Ivey, and Frances Longwell;
"GRANTING" with prejudice as to all claims
against Kenneth Krouse in his official
capacity as an officer of the state;
"GRANTING" with prejudice as to all claims
for defamation; "GRANTING" with prejudice as
to all claims under 42 U.S.C. Section 1983
which call into question the validity of
Plaintiff's convictions; and "DENYING"
without prejudice as to all other claims.
Signed by Judge Deborah K. Chasanow on
7/8/2005. (Chasanow, Deborah).

No amended complaint was filed within the 15 day period.

On August 4, 2005, a motion was filed concerning the withdrawal

of counsel for some of the defendants, which was also served on

counsel for Plaintiff.  On August 5, 2005, the court granted the

motion to withdraw.  On August 10, 2005, the case was terminated

by the clerk as closed.

On August 18, 2005, a letter arrived in chambers, dated the

day before, from counsel for Plaintiff, asking that the case be

reopened to allow Plaintiff an opportunity to amend.  The letter

stated that Plaintiff's father went to the clerk's office in

Baltimore on August 16, 2005, and discovered the court's order
and memorandum.  The court advised Mr. Ware, via the electronic
system, that the letter was not an appropriate method for
seeking an extension of time within which to file an amended
complaint and that an electronically filed motion would be
needed.  A motion was filed August 24, 2005, merely reiterating
the information in the original letter.  Oppositions were filed
by the state and local defendants.  Plaintiff then filed a
reply, citing to two cases, but still providing scant detail as
to why counsel did not look at the electronic mail notices sent
in this case.  The email address from which Plaintiff's recent
filings were sent remains the same.

    The history of this case contains earlier instances of
inaction by counsel.  The first motion to dismiss was filed by
the Prince George's Police Department on September 24, 2004.
Plaintiff did not timely respond, and, on October 25, 2004,
notified the court of his opposition in a bare bones filing that
also recited that counsel had not received the electronic
filing.  Two additional motions had also been filed on October
18, 2004 by two other separate sets of defendants, to which
Plaintiff did not respond.  On November 16, 2004, the court
wrote to counsel for Plaintiff stating that Plaintiff had only
responded to one of the motions, that two others were pending,

and that if the court did not receive oppositions within 5 days, the motions would be considered to be unopposed.

Still claiming that technical difficulties were impeding access to the electronic file, Plaintiff sought and received an extension of time to file the oppositions.  Even when filed, the memoranda were, as stated in this court's opinion, "woefully inadequate."  The court nevertheless attempted to wade through the over long, but imprecise, complaint to ferret out those claims that clearly lacked legal merit from those that might possibly proceed, if Plaintiff produced a properly crafted complaint.

Despite the admitted discovery of this court's order in mid-August, Plaintiff has still not proposed an amended complaint. Instead, counsel simply requests an extension of time, without limit, based solely on his assertion that he did not receive notice contemporaneous with the filing of the memorandum and order.

When the time for filing a paper has expired, a party must move pursuant to Fed.R.Civ.P. 6(b)(2), and must show that "the failure to act was the result of excusable neglect."

> In *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court interpreted the phrase "excusable neglect."   The Court articulated four

> factors to be considered in determining
> whether excusable neglect has occurred: "[1]
> danger of prejudice to the [non-movant], [2]
> the length of delay and its potential impact
> on judicial proceedings, [3] the reason for
> the delay, including whether it was within
> the reasonable control of the movant, and
> [4] whether the movant acted in good faith."
> *Id.* at 395, 113 S.Ct. 1489. The Fourth
> Circuit has noted "that 'inadvertence,
> ignorance of the rules, or mistakes
> construing the rules do not usually
> constitute excusable neglect.'" *Thompson v.
> E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d
> 530, 533 (4th Cir. 1996) (citing *Pioneer*, 507
> U.S. at 392, 113 S.Ct. 1489).  "'Excusable
> neglect' is not easily demonstrated, nor was
> it intended to be." *Id.* at 534.

*Cronin v. Henderson*, 209 F.R.D. 370, 371 (D.Md. 2002)(footnotes

omitted.)    Furthermore, in *Pioneer*, the Supreme Court

specifically observed that it was appropriate to hold a client

accountable for the mistakes of counsel. *Pioneer*, 507 U.S. at

392.

The motion to reopen will be denied. Counsel for Plaintiff

were well aware that the court uses an electronic filing system

and had ample time to correct whatever deficiencies existed in

his office causing delay in access.   Counsel has not

demonstrated diligence in pursuing this case from the beginning,

having to be directed by the court to file responses to the

substantial and meritorious motions to dismiss, and then not

filing anything of assistance to the court, despite the

extensions of time.   At this late date, Plaintiff has not even proposed an amended complaint that begins to meet the standards set forth in the rules.   Other than protestations of sincerity in pursuing litigation, Plaintiff, through counsel, has not addressed the other three factors for finding excusable neglect. Because Plaintiff has not proposed an amended complaint, it is impossible to assess the prejudice to those defendants as to whom the complaint was not previously dismissed with prejudice. At the least, this action, which has been pending for some time, has not progressed past the pleading stage.   While this last delay is only two months, it follows other periods of inaction on the part of Plaintiff.   Finally, the reason for the delay was clearly within the control of the movant.   As noted above, counsel has repeatedly been cautioned that the electronic filing notice feature of the court's system was the only way he would be notified of filings.   Counsel for Plaintiff had difficulty earlier in this case, yet apparently took no steps to make sure that he received timely notification of filings.

Accordingly, without the presentation of an adequate proposed amended complaint, there is no reason to reopen this case and the current motion will be DENIED.

_____/s/_____

                                   DEBORAH K. CHASANOW
                                   United States District Judge